**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL DRZYMALLA,**<br><br>        Plaintiff,<br><br>   v.<br><br>**THE BELT RAILWAY COMPANY OF CHICAGO,**<br><br>        Defendant. | No. 19-cv-06655<br><br>Judge Marvin E. Aspen<br><br>Magistrate Judge Jeffrey I. Cummings |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

    Now comes The Belt Railway Company of Chicago (hereinafter "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and for its answer to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

    1.    This is an action pursuant to the United States Constitution, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101 et seq. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

    **ANSWER:**    Defendant admits that Plaintiff attempts to bring a claim for violation of the ADA, but denies it has engaged in any act or omission giving rise to any cause of action under that statutes. Defendant admits this Court has jurisdiction over this action. Defendant denies the remaining allegations in Paragraph 1.

    2.    Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

    **ANSWER:**    Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 2.

3. Plaintiff, Daniel Drzymalla, has fully complied with the procedural requirements of the ADAAA. He filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

**ANSWER:** Defendant admits Plaintiff filed a charge of discrimination with the EEOC and received a right to sue letter from the EEOC. Defendant denies the remaining allegations in Paragraph 3.

## PARTIES

4. At all times herein mentioned, Plaintiff, Daniel Drzymalla (hereinafter "Plaintiff"), was employed by the Defendant, The Belt Railway of Chicago (hereinafter "Belt" or "Defendant").

**ANSWER:** Defendant admits Plaintiff was and is Defendant's employee. Defendant denies the remaining allegations in Paragraph 4.

5. At all times herein mentioned, Defendant, Belt, was and is believed and alleged hereon to be a corporation duly organized, existing, and operating within the jurisdiction of this Court. Belt is also an employer subject to suit under the ADAAA in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

**ANSWER:** Defendant admits Defendant is an Illinois corporation doing business in Illinois. Defendant admits it is an employer covered by the ADA. Defendant denies the remaining allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant Belt operates the largest intermediate switching terminal railroad in the United States.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. Plaintiff began his employment with Defendant in September 2012 as a Switchman and in April 2013 Plaintiff was promoted to a Trainmaster position.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. Plaintiff is disabled in that he has degenerate disc disease and osteopenia. Plaintiff has undergone two lumbar fusion surgeries, and is substantially limited in his ability to lift, sit and/or stand due to back pain.

**ANSWER:** Defendant admits Plaintiff has undergone two surgeries since beginning his employment with Defendant. Defendant lacks information sufficient to form a belief as the veracity of the allegations concerning Plaintiff's diagnoses and restrictions, and so denies them. Defendant denies the remaining allegations in Paragraph 8.

9. Plaintiff is a qualified person with respect to his employment in that, with or without a reasonable accommodation, he can perform the essential functions of his job.

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. At all material times, Plaintiff performed his job according to his employer's legitimate expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 10.

11. In April 2014, Plaintiff began experiencing lower back and leg pain. Plaintiff was prescribed pain medication to help alleviate the pain.

**ANSWER:** Defendant admits that Plaintiff informed Defendant in April 2014 that he was experiencing back pain. Defendant lacks information sufficient to form a belief as the veracity of the remaining allegations in Paragraph 11, and so denies them.

12. Plaintiff's condition continued to worsen and in October 2015, Plaintiff took a medical leave of absence to obtain lumbar fusion surgery of his L2-S1 vertebrae.

**ANSWER:** Defendant admits Plaintiff took a medical leave of absence beginning October 15, 2015. Defendant lacks information sufficient to form a belief as the veracity of the remaining allegations in Paragraph 12, and so denies them

13. In January 2016, Plaintiff informed Defendant that he was clear to return to work post-surgery with a restriction to not lift more than ten pounds.

**ANSWER:** Defendant admits that in January 2016 Plaintiff informed Defendant that he would be able to return to work on February 22 with a restriction not to lift more than ten pounds. Defendant denies the remaining allegations in Paragraph 13.

14. In February 2016, Plaintiff underwent a return to work examination by the Defendant's doctor. The doctor further cleared Plaintiff to return to work with a ten-pound lift restriction and with full awareness of Plaintiff's prescribed pain medication.

**ANSWER:** Defendant admits that on February 29, 2016, Plaintiff underwent a return to work examination with Dr. Joseph Laluya. Defendant admits Dr. Laluya was concerned about Plaintiff's ability to work safely due to the amount of medication Plaintiff was taking and so released him to work in the office only, not in the field, and with a restriction not to lift more than ten pounds. Defendant denies the remaining allegations in Paragraph 14.

15. Plaintiff returned to work after his lumbar fusion surgery in February 2016 and the Defendant briefly accommodated his restrictions by allowing him to work in an office setting.

**ANSWER:** Defendant admits it accommodated Plaintiff's restrictions by allowing him to work in the office when he returned to work in March 2016. Defendant denies the remaining allegations in Paragraph 15.

16. In March 2016, Plaintiff returned to normal duty and worked in the yard tower while taking pain medication for his back pain, he remained in this position until his second surgery.

**ANSWER:** Defendant admits Plaintiff worked in the modified office position as an accommodation until his second surgery. Defendant denies the remaining allegations in Paragraph 16.

17. Plaintiff began to experience increased back pain and in February 2017, he learned he would require another lumbar fusion surgery to address loose bolts from his initial surgery.

**ANSWER:** Defendant admits the allegations in Paragraph 17.

18. Once Plaintiff communicated his increased back pain, the likeliness of another back surgery, and the need for time off, Defendants retaliated by increasing Plaintiff's hours and requiring him to work more hours than every other similarly situated employee.

**ANSWER:** Defendant denies the allegations in Paragraph 18.

19. Plaintiff promptly notified Defendant Belt of his second surgery and took a medical leave of absence beginning February 20, 2017.

**ANSWER:** Defendant admits Plaintiff took a medical leave of absence, beginning on or around February 20, 2017, for a second surgery. Defendants denies the remaining allegations in Paragraph 19.

20. In September 2017, Plaintiff's doctor cleared him to return to work post- surgery and the only restriction placed on Plaintiff was that he could not work more than three days in a row.

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. It had never been a requirement by Defendant that an employee must work more than three days in a row, in fact the Defendant had an express three days on three days off policy.

**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. On or about September 28, 2017, Plaintiff notified the Defendant through himself and by a doctor that he was able to return to work with minimal restrictions on October 21, 2017.

**ANSWER:** Defendant admits Plaintiff sent Defendant a doctor's note on or about September 28, 2017. Defendant denies the remaining allegations in Paragraph 22.

23. Upon receipt of Plaintiff's medical note clearing him for work, Defendant notified Plaintiff they could not accommodate his physical restrictions.

**ANSWER:** Defendant admits it informed Plaintiff that he could not return to work based on the type and amount of prescription medication he was taking. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant notified Plaintiff that he could not return to work until he had no restrictions on his work schedule and was no longer taking his prescribed pain medication.

**ANSWER:** Defendant admits it informed Plaintiff that he could not return to work on a part time schedule and that he could not return to work based on the type and amount of prescription medication he was taking. Defendant denies the remaining allegations in Paragraph 24.

25. In an attempt to have his restrictions lifted so he could return to work, Plaintiff decided to undergo an independent functional capacity exam in March 2018.

**ANSWER:** Defendant admits Plaintiff underwent an independent functional capacity exam in March 2018. Defendant lacks information sufficient to form a belief as to the veracity of the allegations concerning Plaintiff's motivations, and so denies them.

26. The results of the functional capacity exam indicated that Plaintiff was capable of performing light to medium work and that he could return to work, the only restriction being that he could not work more than three days in a row.

**ANSWER:** Defendant admits the functional capacity exam indicated that Plaintiff was capable of performing light to medium work and could not work more than three days in a row. Defendant denies the remaining allegations in Paragraph 26.

27. In or around April 2018, Plaintiff notified Defendant of the results of his functional capacity exam and provided Defendant with a copy of the findings as well as a doctor note clearing his return to work with minimal restrictions.

**ANSWER:** Defendant admits that it received a copy of the functional capacity exam in April 2018, and a doctor's note referring to Plaintiff's restrictions upon return to work. Defendant denies the remaining allegations in Paragraph 27.

28. Despite his only restriction being that he could not work more than three 12-hour days in a row, and even though it was never previously a condition of employment to have to work more than three days in a row, Defendant did not allow Plaintiff to return to work.

**ANSWER:** Defendant admits Plaintiff was not permitted to return to work in April 2018. Defendant denies the remaining allegations in Paragraph 28.

29. Plaintiff would be able to perform the essential functions of his job if Defendant had accommodated the minimal restrictions that he required.

**ANSWER:** Defendant denies the allegations in Paragraph 29.

30. Defendant did not participate in an interactive process with Plaintiff but rather required Plaintiff to be without any restrictions in order to return to work.

**ANSWER:** Defendant denies the allegations in Paragraph 30.

31. Defendant allowed other, non-disabled, employees to work only three days at a time.

**ANSWER:** Defendant denies the allegations in Paragraph 31.

32. Defendant previously accommodated other employees and allowed them to return to work on light duty.

**ANSWER:** Defendant admits the allegations in Paragraph 32.

33. Defendant allowed other employees to take pain medication on the job. Defendant did not have any policy that prohibited employees with similar job responsibilities as Plaintiff from taking pain medication.

**ANSWER:** Defendant admits that, in certain circumstances, employees have been allowed to take pain medication on the job. Defendant denies the remaining allegations in Paragraph 33.

34. The Defendant failed to accommodate the Plaintiff when it did not allow him to return to work despite being cleared for duty with minimal restrictions.

**ANSWER:** Defendant denies the allegations in Paragraph 34.

35. Defendant's reason for denying Plaintiff's accommodation request and not allowing Plaintiff to return to work is discriminatory and retaliatory.

**ANSWER:** Defendant denies the allegations in Paragraph 35.

36. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

**ANSWER:** Defendant denies the allegations in Paragraph 36.

37. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

**ANSWER:** Defendant denies the allegations in Paragraph 37.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION ON THE BASIS OF PLAINTIFF'S DISABILITY IN VIOLATION OF THE ADAAA - DISPARATE TREATMENT**

38. Plaintiff realleges and incorporates paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-38, as though fully set forth herein.

39. Plaintiff is disabled in that he was diagnosed with degenerate disc disease and osteopenia and is substantially limited in the major life activities of musculoskeletal function.

**ANSWER:** Defendant lacks information sufficient to form a belief as the veracity of the allegations concerning Plaintiff's diagnoses and limitations, and so denies them. Defendant denies the remaining allegations in Paragraph 39.

40. Plaintiff is qualified for the job he held with Defendant and he performed all job functions to Defendant's legitimate employment expectations.

**ANSWER:** Defendant denies the allegations in Paragraph 40.

41. Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because he is disabled.

**ANSWER:** Defendant denies the allegations in Paragraph 41.

42. Defendant's discrimination against Plaintiff was intentional.

**ANSWER:** Defendant denies the allegations in Paragraph 42.

43. Defendant discriminated against Plaintiff in the terms and conditions of employment in that he has been unable to return to work since being cleared in October 2017.

**ANSWER:** Defendant denies the allegations in Paragraph 43.

44. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 44.

45. Defendant's reason for denying Plaintiff the opportunity to return to work with minimal restrictions is false and merely pretext for illegal discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 45.

46. Defendant's actions, as described above, are in violation of ADAAA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his disability.

**ANSWER:** Defendant denies the allegations in Paragraph 46.

47. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**ANSWER:** Defendant denies the allegations in Paragraph 47.

### COUNT II
### PLAINTIFF AGAINST DEFENDANT FOR FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADAAA

48. Plaintiff realleges and incorporates paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-37, as though fully set forth herein.

49. Plaintiff is disabled in that he is substantially limited in in the major life activity of musculoskeletal function.

**ANSWER:** Defendant denies the allegations in Paragraph 49.

50. Plaintiff is a qualified person with a disability in that Plaintiff can perform the essential functions of his job with a reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 50.

51. Defendant was able to provide a reasonable accommodation to Plaintiff by allowing him to only work three 12-hour shifts at a time or by allowing him to work in an office position.

**ANSWER:** Defendant denies the allegations in Paragraph 51.

52. Other individuals have been allowed to only work three days in a row and the standard schedule provided for three days on followed by three days off.

**ANSWER:** Defendant denies the allegations in Paragraph 52.

53. Such reasonable accommodation would not cause an undue hardship on Defendant, as Defendant had previously and successfully accommodated Plaintiff with some of the same restrictions as he was now requesting.

**ANSWER:** Defendant denies the allegations in Paragraph 53.

54. Defendant refused to provide Plaintiff with a reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 54.

55. Defendant failed to engage in the required interactive process to determine what it could do to provide Plaintiff with a reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 55.

56. Defendant's actions, as described above, are in violation of the ADAAA, as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 56.

57. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**ANSWER:** Defendant denies the allegations in Paragraph 57.

## COUNT III
## PLAINTIFF AGAINST DEFENDANT FOR RETALIATION IN VIOLATION OF THE ADAAA

58. Plaintiff realleges and incorporates paragraphs one (1) through thirty-seven (37) as though fully set forth at this place.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1-37, as though fully set forth herein.

59. Plaintiff engaged in protected activities when he requested a reasonable accommodation and when he filed a complaint of discrimination with the EEOC.

**ANSWER:** Defendant denies the allegations in Paragraph 59.

60. Defendants retaliated against Plaintiff by refusing to allow Plaintiff to return to work, by refusing to provide Plaintiff with a reasonable accommodation, and otherwise harassing Plaintiff in various ways designed to impede his ability to work for Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 60.

61. There is a casual connection between Plaintiff's protected activity and Defendant's retaliatory actions.

**ANSWER:** Defendant denies the allegations in Paragraph 61.

62. Similarly situated employees who did not engage in protected activities were treated more favorably than Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 62.

63. Defendant's actions, as described above, are in violation of the ADAAA, as the Defendant has engaged in acts of retaliation because of Plaintiff's engagement in protected activities.

**ANSWER:** Defendant denies the allegations in Paragraph 63.

64. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**ANSWER:** Defendant denies the allegations in Paragraph 64.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel Drzymalla, by and through his attorneys, Ed Fox & Associates, Ltd., requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

**ANSWER:** Defendant denies the propriety of the relief sought in the above Prayer for Relief and denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff has failed to exhaust his administrative remedies, his claims for relief are barred.

2. Insofar as Plaintiff seeks to recover relief for: (a) alleged incidents occurring prior to the applicable limitations period for filing of an administrative Charge of Discrimination; and (b) alleged incidents of discrimination not listed in his Charges of Discrimination, Plaintiff may not recover any relief for such incidents of alleged discrimination.

3. Defendant did not engage in any discriminatory or retaliatory conduct toward Plaintiff, and Defendant acted in good faith and without any intent to discriminate or retaliate. Defendant's treatment of Plaintiff was based on legitimate, non-discriminatory factors.

4. The employment decisions and actions of which Plaintiff complains would have been the same regardless of Plaintiff's alleged disabilities or protected activities.

5. To the extent that Plaintiff seeks punitive damages, those claims fail because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights or those granted by the State of Illinois. Defendant's actions were taken in good faith, in accordance with its policies against discrimination and applicable laws. Further, an excessive punitive damages award would violate Defendant's rights under the United States Constitution, including rights secured under the due process, equal protection and takings clauses.

6. To the extent that Plaintiff has suffered any damages, which Defendant denies, Plaintiff's prayer for relief must fail if he failed to mitigate his damages as required by law. Alternatively, if Plaintiff did mitigate or attempt to mitigate his alleged damages, Defendant is

entitled to an offset against any damages allegedly due to Plaintiff.

7. Plaintiff cannot recover lost wages of benefits for any period of time in which he was physically/mentally unable to work or any time he was not actively seeking employment compatible with his drug use and/or restrictions.

8. To the extent that Plaintiff's claims are subject to the after-acquired evidence doctrine, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

9. Plaintiff's claims fail to the extent that they are barred, in whole or in part, by the doctrine of waiver, equitable estoppel, unclean hands, and/or laches.

10. In the event that the Court or a jury should ever conclude that protected activity under the ADA was a motivating factor in any employment decisions challenged by Plaintiff, which Defendant expressly denies, Defendant avers that the same decisions would have been made absent consideration of protected ADA activity.

11. The accommodation(s) allegedly requested by Plaintiff would have imposed an undue hardship on Defendant and posed a direct threat to the health and safety of Plaintiff and others.

12. At all times, Defendant's actions were in compliance with the Federal Railway Administration, the National Transportation Safety Board, and applicable regulations and guidance.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in the Complaint have not been expressly

admitted or denied, said allegations are hereby denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice; that Plaintiff takes nothing by this action; and that Defendant be awarded reasonable costs and such other relief as this Court deems proper.

          Respectfully submitted,

          THE BELT RAILWAY COMPANY OF CHICAGO

          By: */s/ Amanda E. Inskeep*
                One of Its Attorneys

Jeff Nowak
Amanda E. Inskeep
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654
312.372.5520

Dated: December 9, 2019

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 9, 2019, she caused a copy of ***Defendant's Answer and Affirmative Defenses*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which sent electronic notification of such filing to the following ECF participants:

Jaclyn N. Diaz
Ed Fox & Associates, Ltd.
300 West Adams Street
Suite 330
Chicago, IL 60606
jdiaz@foxlaw.com

/s/Amanda E. Inskeep
Amanda E. Inskeep

4824-9642-9226.1 102602.1002